IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

DALE G. BECKER,

        Plaintiff,

   v.

REGINALD A. WILKINSON, *et al.*,

        Defendants.

Case No. 2:05-CV-908

JUDGE JAMES L. GRAHAM

Magistrate Judge Norah McCann King

## REPORT AND RECOMMENDATION

This is a civil rights action under 42 U.S.C. §1983, in which Dale G. Becker ("plaintiff"), a state inmate, claims that he has been denied his constitutional rights because he has been subjected to second-hand smoke at the Ross Correctional Institution ("RCI"). The complaint names as defendants officials of the Ohio Department of Rehabilitation and Correction ("ODRC") and employees at RCI. This matter is before the Court on plaintiff's *Praecipe* ("*Plaintiff's Motion for Default Judgment*"), Doc. No. 11, and on the *Ohio Attorney General's Motion to Dismiss* ("*Defendants' Motion to Dismiss*"), Doc. No. 23. For the reasons set forth below, it is **RECOMMENDED** that both motions be **DENIED.**

**I.    FACTS**

Plaintiff filed this action on September 30, 2005, upon payment of the full filing fee. On October 31, 2005, plaintiff filed a *Proof of Service*, declaring that each defendant had been served by him by certified mail service. Doc. No. 4.

On November 18, 2005, plaintiff filed *Plaintiff's Motion for Default* based on defendants' failure to respond to the *Complaint*. Doc. No. 11. That motion is now fully at issue.

On February 16, 2006, defendants filed *Defendants' Motion to Dismiss* based on plaintiff's failure to properly effect service of process. Doc. No. 23. That motion too, is fully at issue.

## II. ANALYSIS

### A. Defendants' Motion to Dismiss

Pursuant to Fed. R. Civ. P. 12(b)(5), a trial court, upon motion, may dismiss a complaint for failure to make proper service of process within 120 days after the complaint is filed. Fed. R. Civ. P. 4(m).

Proper service on individuals within a judicial district of the United States must conform to Fed. R. Civ. P. 4(e), which states:

> Unless otherwise provided by federal law, service upon an individual from whom a waiver has not been obtained and filed, other than an infant or incompetent person, may be effected in any judicial district of the United States:
>
> (1) pursuant to the law of the state in which the district court is located, or in which service is effected, for the service of a summons upon the defendant in an action brought in the courts of general jurisdiction of the State; or
>
> (2) by delivering a copy of the summons and of the complaint to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e). Service may be effectuated, pursuant to Ohio law, by certified mail service which lists the clerk of court as the sender. Ohio R. Civ. P. 4.1. Rule 4.2 of the Local Rules of this Court essentially adopts the Ohio rule for certified mail service but also requires that certified mail service of a summons and complaint be completed in a specific manner by the

2

Clerk of this Court.  S.D. Ohio Civ. R. 4.2.

Local Rule 4.2 provides that a party who desires to serve defendants by certified mail shall address and prepare the envelopes for mailing, and then deliver the same to the District Court Clerk who shall cause them to be mailed.  S.D. Ohio Civ. R. 4.2.  Local Rule 4.2(a) goes on to require that the name of the sender on the back of the PS Form 3811 (the "green card") shall show: "Clerk, United States District Court, Southern District of Ohio" at the appropriate address.  *Id.*  The Rule then requires the Clerk to enter the fact of mailing on the docket and make a similar entry when the return receipt is received.  S.D. Ohio Civ. R. 4.2.(b).  Additionally, the Clerk holds certain notification responsibilities in the event of failure of delivery.  S.D. Ohio Civ. R. 4.2.(c).

Plaintiff filed with the Court a *Proof of Service* averring that defendants had been served by certified mail.  Doc. No. 4.  Instead of following the requirements of the Local Rule, however, the attachments to plaintiff's *Proof of Service* show that plaintiff attempted to serve defendants by certified mail independently and without involvement of the Clerk.  *Id.*  As this Court recently instructed a prisoner in a similar case:

> According to Local Rule 4.2, [the plaintiff] should have affixed to the back of the envelope the domestic return receipt card, PS Form 3811 showing the name of sender as 'Clerk, United States District Court, Southern District of Ohio' instead of himself.  Under Local Rule 4.2(b), the Clerk of Court is required to enter the fact of mailing on the docket and make a similar entry when the return receipt is received.
>
> Here, since [the plaintiff] did not proceed in accordance with Local Rule 4.2, the Clerk of Court did not enter on the docket the fact of mailing or when the return receipt was received.  Consequently, [the plaintiff] failed to serve the Defendants in compliance with Local Rule 4.2.

*Carter v. Hurley*, Case No. 2:05-cv-807, Slip op. (S.D. Ohio Nov. 8, 2005) (J. Sargus).

Similarly, plaintiff in this case failed to properly serve defendants. However, this conclusion does not end the Court's inquiry. Before dismissal of an improperly served complaint, Fed. R. Civ. P. 4(m) requires the undertaking of a two-part analysis.

> First, the court must determine whether the plaintiff has shown good cause for the failure to effect service. If he has, then "the court *shall* extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m) (emphasis added).
>
> Second, if the plaintiff has not shown good cause, the court must either (1) dismiss the action or (2) direct that service be effected within a specified time. *See id.* In other words, the court has discretion to permit late service even absent a showing of good cause. *See Henderson v. United States*, 517 U.S. 654, 662 (1996) [("Most recently, in [the] 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period 'even if there is no good cause shown.'")].

*Osborne v. First Union Nat'l Bank of Delaware*, 217 F.R.D. 405, 408 (S.D. Ohio 2003). *See also Stafford v. Franklin County*, 2005 U.S. Dist. LEXIS 12740, at *7 (S.D. Ohio June 28, 2005) (J. Holschuh) ("Advisory Committee Notes on Rule 4(m) indicate that a court may relieve a plaintiff of the consequences of an application of Rule 4(m) even if there is no good cause shown. Fed. R. Civ. P. 4, Advisory Committee Notes to 1993 Amendments.").

Thus, the proper procedure in the instant action is for this Court to determine if plaintiff has demonstrated good cause for his failure to properly effectuate service upon defendants. If it concludes that plaintiff has not, the Court must then decide whether to exercise its discretion and allow the case to proceed. The Court notes at the outset that its analysis is tempered by the "strong preference that claims be adjudicated on their merits." *Coleman v. Shoney's, Inc.*, 79 Fed. Appx. 155, 157 (6th Cir. 2003) (citing *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991)). *See also Stafford v. Franklin County*, *supra*, at *10 (In considering a motion to dismiss for failure to effectuate service, the court stated: "At the outset, this Court notes that, in this Circuit,

disputes should be resolved on their merits rather than procedural or technical grounds. *Vergis v. Grand Victoria Casino & Resort*, 199 F.R.D. 216, 218 (S.D. Ohio 2000)" (J. Beckwith)).

1. **Good Cause**

A finding of good cause for extension of the time in which to serve a defendant is a matter of discretion entrusted to the district court. *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 (6th Cir. 1991). To demonstrate good cause, a plaintiff must show at least excusable neglect. *Stafford v. Franklin County*, *supra*, at *8 (citing *Stewart v. TVA*, Case No. 99-5723, 2000 U.S. App. LEXIS 29904, at *3 and *Moncrief v. Stone*, 961 F.2d 595, 597 (6th Cir. 1992)).

In this action, plaintiff argues that he has served each defendant to the best of his "ability and means, as an incarcerated person, knowledge, belief and information." Doc. No. 4. Also, he asks this Court to consider his *pro se* status. Neither of these arguments, however, constitute good cause for failure to properly effectuate service. Mere "inadvertent failure" is insufficient to constitute good cause. *Thurman v. GTE*, 1998 U.S. App. LEXIS 2132. at *2-3 (6th. Cir. Feb. 10, 1998) (citing *Friedman*, 929 F.2d at 1157). Similarly, plaintiff's "*pro se* status does not relieve him of his obligation to properly effect service of summons and complaint as required by the Federal Rules of Civil Procedure." *Sayyah v. Brown County Bd. of Comm'r*, 2005 U.S. Dist. LEXIS 15227, at *17 (S.D. Ohio 2005).

The Court concludes that plaintiff has failed to demonstrate good cause for his failure to properly serve process on defendants. Accordingly, the Court must now consider whether, in the exercise of its discretion, to direct that service to be effectuated within a specified period of time, or instead to dismiss the action. *See Osborne*, 217 F.R.D. at 408.

2. **Discretion**

In determining whether to exercise this discretion, the Court considers the following factors:

> (1) whether a significant extension of time [is] required; (2) whether an extension of time would prejudice the defendant other than the inherent 'prejudice' in having to defend the suit; (3) whether the defendant had actual notice of the lawsuit; (4) whether a dismissal without prejudice would substantially prejudice the plaintiff . . . and (5) whether the plaintiff had made any good faith efforts at effecting proper service of process.

*Stafford v. Franklin County*, supra, at *9-10 (citing *Nehls v. Hillsdale College*, No. 1:03-CV-140, 2004 U.S. Dist. LEXIS 8588, at *15 (W.D. Mich., February 20, 2004), *Vergis*, 199 F.R.D. at 218 and *Wise v. Dep't of Defense*, 196 F.R.D. 52, at 54-57 (S.D. Ohio 1999) (J. Rice).

The Court finds that these equitable factors weigh in favor of granting plaintiff a modest extension of time in which to properly serve the summons and complaint on each defendant. Defendants do not claim, nor does the Court find, any prejudice to them by allowing plaintiff additional time to properly effectuate service. Also, defendants had actual notice[1] of the lawsuit, as is shown by their filing of *Defendants' Motion to Dismiss*. Further, plaintiff did make an effort, albeit an insufficient one, to effectuate service. Finally, dismissal of this case would cause plaintiff to suffer the loss of his filing fee and, although it is not clear from the *Complaint*, the statute of limitations may prevent the re-filing of some of plaintiff's claims.

Accordingly, the Court recommends that plaintiff be granted a modest extension of time to properly serve defendants.

---

[1] However, that the Court does not mean to suggest that actual notice of the suit is a substitute for proper service of the summons and complaint. Actual notice of a lawsuit clearly may not substitute for proper service. *See LSJ Investment Co., Inc. v. O.L.D., Inc.*, 167 F.3d 320, 322 (6th Cir. 1999); *Friedman v. Estate of Presser*, 929 F.2d 1151, 1155 (6th Cir. 1991).

### B. Plaintiff's Motion for Default

Plaintiff requests entry of default in his favor for defendants' failure to timely respond to his *Complaint*. Based on the Court's conclusion that plaintiff failed to effectuate proper service of process, defendants were under no obligation to respond to his *Complaint*. *See* Fed. R. Civ. P. 12(a)(1) (setting an answer date 20 days after the summons and complaint are properly served). *See also Carter v. Hurley*, *supra*, at 3 (denying motion for entry of default on same grounds).

**WHEREUPON**, the Court **RECOMMENDS** that *Plaintiff's Motion for Default Judgment*, Doc. No. 11, be **DENIED** and that *Defendants' Motion to Dismiss*, Doc. No. 23, be **DENIED**. Plaintiff is **DIRECTED** to effect proper service of process, in conformity with S.D. Ohio Civ. R. 4.2, within twenty-eight (28) days of the date of this *Report and Recommendation*. Plaintiff is cautioned that failure to properly effectuate service of process, as set forth in this *Report and Recommendation*, could result in dismissal of this action.

If any party seeks review by the District Judge of this *Report and Recommendation*, that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation*, and the part thereof in question, as well as the basis for the objection thereto. 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72(b). Responses to objections must be filed within ten (10) days after being served with a copy thereof. Fed. R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Harris v. City of Akron,* 20 F.3d 1396 (6th Cir. 1994); *Smith v. Detroit Fed'n of Teachers, Local 231, Am. Fed'n of Teachers,*

*AFL-CIO,* 829 F.2d 1370 (6th Cir. 1987).

August 3, 2006                                                           *s/Norah McCann King*
Date                                                                                                  Norah M<sup>c</sup>Cann King
                                                                                                                                                                           United States Magistrate Judge