```
         IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF OHIO
                    EASTERN DIVISION
```

**DALE G. BECKER**,

       Plaintiff,

  vs.                               Civil Action 2:05-CV-908
                                       Judge Graham
                                       Magistrate Judge King

**REGINALD A. WILKINSON,** *et al.*,

       Defendants.

## REPORT AND RECOMMENDATION

      This civil rights action was filed under 42 U.S.C. §1983 by plaintiff, who was then a state inmate acting without the assistance of counsel.[1]  Plaintiff paid the full filing fee and attempted to make service of process on each defendant, officials and employees of the Ohio Department of Rehabilitation and Correction, by certified mail.  Doc. No. 4.  This Court held that such service failed to comply with F.R. Civ. P. 4(e) or S.D. Ohio Civ. R. 4.2.  *Order,* Doc. No. 32.  However, plaintiff was granted an extension of time to effect service of process in conformity with S.D. Ohio Civ. R. 4.2.  *Id.*  Plaintiff was specifically advised that his failure to effect proper service of process within twenty-eight (28) days could result in the dismissal of the action.  *Report and Recommendation,* at p.7, Doc. No. 28; *Order,* Doc. No. 32.  This matter is now before the Court on defendants' second motion to dismiss, Doc. No. 33, in which defendants ask that the action be dismissed, consistent with the orders of this Court and F.R. Civ. P. 12(b)(5), 4(m), for failure to effect proper service of process.

---

[1] Plaintiff has since apparently been released from prison.  *Notice of Change of Address,* Doc. No. 39.

Plaintiff does not appear to suggest that he has made service of process in conformity with the Federal Rules of Civil Procedure or Rule 4.2 of the local rules of this Court.  Instead, plaintiff insists that the original attempted service, *i.e.,* certified mailings made by him rather than the Court, was sufficient.

Plaintiff's contention in this regard has already been rejected by this Court. *See Order,* Doc. No. 32.  Moreover, plaintiff is simply mistaken when he argues that the procedures outlined in S.D. Ohio Civ. R. 4.2 were unavailable to him. *See Carter v. Hurley,* Case No. 2:05-CV-807, Slip Op. (S.D. Ohio Nov. 8, 2005).  In any event, plaintiff offers no explanation or justification for his failure to remedy the defect in service after having been granted an opportunity to do so by this Court.  Finally, the fact that defendants may have received actual notice of the filing of the action cannot be a substitute for proper service of process. *LSJ Investment Co., Inc. v. O.L.D., Inc.,* 167 F.3d 320, 322 (6th Cir. 1999); *Friedman v. Estate of Presser,* 929 F.2d 1151, 1155 (6th Cir. 1991).

For all these reasons, it is **RECOMMENDED** that the defendants' second motion to dismiss, Doc. No. 33, be **GRANTED.**

If any party seeks review by the District Judge of this *Report and Recommendation,* that party may, within ten (10) days, file and serve on all parties objections to the *Report and Recommendation,* specifically designating this *Report and Recommendation,* and the part thereof in question, as well as the basis for objection thereto.  28 U.S.C. §636(b)(1); F.R. Civ. P. 72(b).  Response to objections must be filed within ten (10) days after being served with a copy thereof. F.R. Civ. P. 72(b).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to *de novo* review by the District Judge and of the right to appeal the decision of the District Court adopting the *Report and Recommendation*. *See Thomas v. Arn,* 474 U.S. 140 (1985); *Smith v. Detroit Federation of Teachers, Local 231 etc.,* 829 F.2d 1370 (6th Cir. 1987); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

August 9, 2007                          *s/Norah McCann King*
                                        Norah M$^c$Cann King
                                        United States Magistrate Judge