**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**DALE G. BECKER,**

      **Plaintiff,**

  vs.                          **Civil Action 2:05-CV-908**
                                    **JUDGE GRAHAM**
                                    **Magistrate Judge King**

**REGINALD A. WILKINSON,** *et al.***,**

      **Defendants.**

**ORDER**

      Plaintiff filed this civil rights action under 42 U.S.C. §1983 while he was incarcerated in a state prison and without the assistance of counsel.[1] Plaintiff paid the full filing fee and attempted to make service of process on each defendant, officials and employees of the Ohio Department of Rehabilitation and Correction, by certified mail. Doc. No. 4. This Court held that such service failed to comply with F.R. Civ. P. 4(e) or S.D. Ohio Civ. R. 4.2. *Order,* Doc. No. 32. However, plaintiff was granted an extension of time to effect service of process in conformity with S.D. Ohio Civ. R. 4.2. *Id.* Plaintiff was specifically advised that his failure to effect proper service of process within twenty-eight (28) days could result in the dismissal of the action. *Report and Recommendation,* at p.7, Doc. No. 28; *Order,* Doc. No. 32.

      Plaintiff failed to make further attempts at proper service of process, and defendants filed a second motion to dismiss, Doc. No. 33, asking that the action be dismissed consistent with the orders of this Court and F.R. Civ. P. 12(b)(5), 4(m), for failure to effect proper service of process. On August 9, 2007, the United States Magistrate

---

[1] Plaintiff was apparently released from prison sometime prior to June 27, 2006. *See Notice of Change of Address,* Doc. No. 27.

Judge issued a *Report and Recommendation* recommending that defendants' second motion to dismiss be granted. Doc. No. 49. This matter is now before the Court on plaintiff's objections to that *Report and Recommendation*, which the Court will consider *de novo*. See 28 U.S.C. §636(b).

Plaintiff persists in his argument that his original attempted service, *i.e.,* certified mailings made by him rather than by the Clerk of this Court, was sufficient. He insists that this Court's local rule, which authorizes service of process by certified mail issued by the Clerk, S.D. Ohio Civ. R. 4.2, remains unavailable to him, a *pro se* plaintiff, because the rule refers to "[p]laintiff's attorney." *See* S.D. Ohio Civ. P. 4.2(a).

Plaintiff's contention in this regard has already been rejected by this Court. *See Order,* Doc. No. 32. Moreover, even plaintiff's own Exhibit A, attached to his objections, indicates that the Clerk of this Court makes S.D. Ohio Civ. R. 4.2 available to *pro se* plaintiffs. Furthermore, it does not appear that plaintiff ever sought waiver of service of process from any defendant, *see* F.R.Civ. P. 4(d)(1), nor does it appear that plaintiff, who has apparently not been incarcerated since at least June 2006, even attempted to remedy the defect in service after having been granted an opportunity to do so by this Court. Finally, and as the Magistrate Judge noted, the fact that defendants may have received actual notice of the filing of the action cannot be a substitute for proper service of process. *See LSJ Investment Co., Inc. v. O.L.D., Inc.,* 167 F.3d 320, 322 (6th Cir. 1999); *Friedman v. Estate of Presser,* 929 F.2d 1151, 1155 (6th Cir. 1991).

Under these circumstances, plaintiff's objections to the *Report and Recommendation* are **DENIED**.  The *Report and Recommendation*, Doc. No. 49, is **ADOPTED AND AFFIRMED**.  Defendants' second motion to dismiss, Doc. No. 33, is **GRANTED**.

This action is hereby **DISMISSED**, without prejudice pursuant to F.R.Civ.P. 4(m), for failure to timely effect proper service of process.

The Clerk shall enter **FINAL JUDGMENT** in this action.

It is so ORDERED.

s/James L. Graham
JAMES L. GRAHAM
Senior United States District Judge

DATE:  October 19, 2007